UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-04113 |
| SOUTHEASTERN PLATEWORKS, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## MOTION FOR EXPEDITED RELIEF FROM STAY

IberiaBank ("Lender"), a secured creditor and party-in-interest in the above-styled bankruptcy case (the "Bankruptcy Case") of Southeastern Plateworks, LLC (the "Debtor"), moves the Court for interim and final relief from the automatic stay pursuant to 11 U.S.C. § 362. In support of this motion (the "Motion"), Lender relies on the filings of record in the Bankruptcy Case and shows the Court as follows:

## SUMMARY OF RELIEF REQUESTED

1. Since the petition date, Lender has engaged in good faith negotiations with the Debtor regarding the Debtor's secured debt in an effort to enable the Debtor's successful reorganization. Lender has provided the Debtor consensual use of cash collateral through December 31, 2017. However, the Debtor and Lender have not reached an agreement for the ongoing use of cash collateral after December 31, 2017. Lender is advised and believes that the Debtor intends to convert the Bankruptcy Case to a chapter 7 liquidation.

2. Accordingly, Lender seeks relief from the automatic stay to enforce all rights and pursue all remedies with respect to its collateral. Pending a final hearing, Lender requests an interim order under section 362(f), authorizing Lender to secure and control any real and personal property collateral to ensure it is not stolen or destroyed pending a final order granting relief from the automatic stay. The Court may grant such limited relief without notice or a

hearing, and it is necessary and appropriate under the circumstances. The Debtor, through counsel, has represented that it does not object to immediate relief from the automatic stay for the limited purposes set forth in the proposed order attached hereto as <u>Exhibit A</u>.

## JURISDICTION AND NOTICE

3. Lender files this Motion pursuant to Section 362 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 4001-1.

4. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and a contested matter under Bankruptcy Rule 9014.

5. Pursuant to Bankruptcy Rules 4001 and 9014 and Local Rule 4001-1, Lender shall serve a copy of the Motion on the Debtor, the Debtor's counsel, the Bankruptcy Administrator, and counsel for the unsecured creditors' committee.

6. Venue of this matter is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On September 25, 2017 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama.

8. An official committee of unsecured creditors (the "<u>Committee</u>") has been appointed in the Bankruptcy Case. *See* Docket No. 40.

9. Lender and the Committee agreed to the Debtor's use of cash collateral pursuant to the *Amended Stipulated Final Order Authorizing Debtor's Limited Use of Cash Collateral,*

1/2489994.1

2

Case 17-04113-DSC7    Doc 94    Filed 01/02/18    Entered 01/02/18 13:34:13    Desc Main
Document    Page 2 of 14

*Granting Adequate Protection, and Granting Related Relief* [Docket No. 83] (the "Cash Collateral Order"). Unless otherwise defined, all capitalized terms herein shall have the meanings provided in the Cash Collateral Order.

10. Among other things, the Cash Collateral Order includes certain acknowledgements regarding the Debtor's loan obligations and Lender's collateral, including:

   a. As of the Petition Date, the Debtor is indebted to Lender under the Loan Documents in the aggregate principal amount of at least $4,644,963.25 plus accrued and accruing interest, fees, expenses, attorneys' fees and costs, and other amounts owing under the terms of the Loan Documents. Collectively, all of the Debtor's obligations under the Loan Documents are referred to as the "Loan Obligations".

   b. As security for timely payment and performance of the Loan Obligations, Lender was granted and has valid and perfected first priority liens on and security interests in, among other things, substantially all of the real and personal property of the Debtor as provided in the Loan Documents (collectively, the "Lender Collateral"). The Lender Collateral includes, without limitation, contract rights, accounts, notes, bills, acceptances, chattel paper, instruments, proceeds, tax refunds, money on deposit, inventory, goods, wares, equipment, parts, merchandise, supplies, materials, intangible rights, general intangibles, and all proceeds therefrom. The Lender Collateral further includes the real property described in that certain Mortgage, Assignment of Rents and Leases, and Security Agreement dated as of June 25, 2013 and recorded with the Judge of Probate of Jefferson County, Alabama at Bk:

LR201315, Pg: 14501.

  c. Pursuant to the Loan Documents: (a) the Loan Obligations owing to Lender by the Debtor are due and owing, are legal, binding, and enforceable obligations of the Debtor, and are not subject to any offset, defense, claim, counterclaim, setoff, recoupment, or any other diminution of any type, kind, or nature whatsoever; (b) the Loan Documents are legal, valid, binding and enforceable against the Debtor in accordance with their respective terms; and (c) the liens and security interests granted to Lender in, to, and against all of the Lender Collateral are valid, continuing, first priority liens enforceable, and properly perfected, and are not subject to avoidance under applicable state or federal law.

  d. The Lender Collateral includes cash proceeds and other cash equivalents; and all cash and cash equivalent proceeds of the Lender Collateral constitute cash collateral within the meaning of 11 U.S.C. § 363(a) (the "<u>Cash Collateral</u>"). The Cash Collateral secures repayment of the Loan Obligations owing from the Debtor to Lender.

Cash Collateral Order ¶ E.

  11. Lender was also granted replacement liens in all of the Debtor's postpetition assets of the same type and to the same extent as provided in the Loan Documents. Cash Collateral Order ¶ 7. Thus, all of the Debtor's assets are encumbered by the Lender's security interests.

  12. The Cash Collateral Order also provides a deadline for any party, including the Committee, to object to, challenge, or seek to avoid the amount, validity, or enforceability of the

1/2489994.1   4

Case 17-04113-DSC7   Doc 94   Filed 01/02/18   Entered 01/02/18 13:34:13   Desc Main
Document   Page 4 of 14

Loan Obligations (or any portion thereof) or any of Lender's liens and security interests in the collateral securing the Loan Obligations. Cash Collateral Order ¶ 14.

13. The deadline for a Challenge has passed without a motion or adversary proceeding against Lender. Accordingly, the Loan Obligations are deemed and adjudicated finally and indefeasibly as valid and enforceable, Lender's liens and security interests in the collateral securing the Loan Obligations are deemed and adjudicated finally and indefeasibly as valid, enforceable and perfected liens and security interests in that collateral, and any affirmative claim(s) or cause(s) of action of any kind against Lender with respect to the Loan Documents, the Loan Obligations, or the liens and security interests securing the Loan Obligations, are forever barred. Cash Collateral Order ¶ 14.

14. The Debtor's authorization to use Cash Collateral terminated on December 31, 2017. Cash Collateral Order ¶ 2.

15. Lender is informed and believes that the Debtor has ceased all ongoing operations and will convert the Bankruptcy Case to a chapter 7 liquidation.

## AUTHORITY

**I. Lender is entitled to interim ex parte relief from stay pursuant to section 362(f) of the Bankruptcy Code.**

16. Section 362(f) of the Bankruptcy Code authorizes ex parte relief from the automatic stay where the requesting party will suffer damage before there is an opportunity for notice and a hearing under section 362(d) or (e). *See* 11 U.S.C. § 362(f); Fed. R. Bankr. P. 4001(a)(2). In such event, the court shall grant relief from the stay as is necessary to prevent irreparable damage to the requesting party's property interest. *See* 2 Norton Bankr. L. & Prac. 3d § 43:53 (2017).

1/2489994.1

5

Case 17-04113-DSC7    Doc 94    Filed 01/02/18    Entered 01/02/18 13:34:13    Desc Main
Document      Page 5 of 14

17. Lender is informed and believes that the Debtor has ceased all ongoing operations and will soon convert the Bankruptcy Case to a chapter 7 liquidation. Without the use of cash collateral the Debtor cannot pay personnel to monitor the Lender Collateral pending a final hearing and relief from the automatic stay. In particular, Lender is concerned that real and personal property located at the Debtor's operating facilities may be damaged or stolen without adequate security monitoring the facilities.

18. Accordingly, Lender requests limited authority to secure and protect the Lender Collateral pending a final hearing and order on the stay relief requested in this Motion. Lender has discussed this request with the Debtor's counsel and is advised that the Debtor does not object to the limited relief provided in the proposed interim order attached hereto as <u>Exhibit A</u>.

## II. Lender is entitled to relief from the automatic stay pursuant to Section 363(d)(1) of the Bankruptcy Code.

19. Section 362(d)(1) of the Bankruptcy Code provides that a bankruptcy court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property. 11 U.S.C. § 362(d)(1).

20. As further set forth below, the Debtor does not have equity in the Lender Collateral. As of January 1, 2018 the Debtor no longer has the use of Cash Collateral and Lender is informed the Debtor will convert the Bankruptcy Case to a liquidation under chapter 7. As a result, the Debtor will no longer be able to make adequate protection payments as agreed in the Cash Collateral Order. The Debtor will not have any other means of providing the Lender adequate protection of its interests in the Lender Collateral.

21. Upon conversion, the chapter 7 estate will not have any unencumbered assets. Thus, the chapter 7 trustee will not have any means to provide Lender adequate protection of its interest in the Lender Collateral. *See* 11 U.S.C. § 361 (providing forms of adequate protection).

22. Finally, as discussed above, as a result of the Debtor ceasing business operations and no longer having the use of cash collateral, the Debtor cannot guarantee that the Lender Collateral will be protected from theft or destruction. Lender is entitled to relief from the automatic stay to take possession and control of the Lender Collateral, foreclose or liquidate the Lender Collateral, and take any other actions necessary to protect Lender's interests.

23. Accordingly, there is cause for relief from the automatic stay pursuant to section 362(d)(1).

**III. Lender is entitled to relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code.**

24. In the alternative, Lender is entitled to relief under section 362(d)(2) of the Bankruptcy Code, which provides that the court shall grant relief from the automatic stay with respect to property if a debtor does not have equity in such property and such property is not necessary to an effective reorganization.

25. As an initial matter, Lender is informed that the Debtor is converting to a chapter 7 liquidation and therefore no reorganization is contemplated. *See, e.g.*, *In re Gardner*, 417 B.R. 616, 623 (Bankr. D. Idaho 2009) ("since this is a liquidation case, the [property] is not necessary for any reorganization").

26. Furthermore, the Lender's appraisals of the real property securing the Loan Obligations reflect that the Debtor has no equity in such real property. The Debtors' two facilities have appraised values of approximately $2,000,000 each for a total of approximately $4,000,000. Lender's secured claim as of the Petition Date was in the principal amount of $4,644,963.25, plus accrued and accruing interest, attorneys' fees, costs, and expenses. As of the filing of this Motion, the Debtor owes Lender $4,705,845.36, exclusive of attorneys' fees and costs for the month of December 2017. Interest, attorneys' fees, and expenses continue to accrue

on the Loan Obligations.  The per diem interest on the Loan Obligations is approximately $500.00.

27. The Debtor's real property is not the only Lender Collateral.  However, any accounts receivable must necessarily be discounted and, together with the liquidation value of the Debtor's other personal property, the Lender Collateral is not guaranteed to satisfy the Loan Obligations.

28. Accordingly, on information and belief, the liquidation value of all Lender Collateral is less than the Loan Obligations and the Debtor does not have any equity in the Lender Collateral.  Lender reserves all rights, claims, and defenses with respect to the outstanding amount of the Loan Obligations and valuation of any Lender Collateral.

29. Based on the foregoing, Lender is entitled to relief from the automatic stay pursuant to section 362(d)(2).

## RESERVATION OF RIGHTS

30. Lender reserves all rights, claims, and defenses with respect to the Lender Collateral and the relief requested in this Motion.  Without limitation, Lender reserves the right to present any evidence necessary to support the requested relief and with respect to the amount of the Loan Obligations and the value of any Lender Collateral.

**WHEREFORE, PREMISES CONSIDERED,** Lender respectfully requests that the Court enter: (i) an interim order, in substantially the form attached hereto as Exhibit A, pursuant to section 362(f) authorizing Lender to secure and protect the Lender Collateral pending a final hearing on this Motion; and (ii) a final order terminating the automatic stay with respect to the Lender Collateral to permit Lender to enforce all rights and pursue all remedies with respect to the Lender Collateral, including, without limitation, non-judicial foreclosure of all real and

personal property and collection of all accounts receivable.[1]  Lender also requests such other and further relief as may be just and proper.

    Respectfully submitted this the 2nd day of January, 2018.

/s/ James B. Bailey
Counsel for
IBERIABANK

**OF COUNSEL:**
N. Christian Glenos
James B. Bailey
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203
cglenos@bradley.com
jbailey@bradley.com
Telephone:   (205) 521-8000
Facsimile:   (205) 521-8800

---

[1] Lender is under no obligation to foreclose all or any portion of the Mortgaged Property. *See Triple J Cattle, Inc. v. Chambers*, 551 So.2d 280, 282 (Ala. 1989) ("Upon a default by the mortgagor, the mortgagee has three remedies, and he may pursue any one or all of them until the debt is satisfied. He may sue for the debt, sue for the property, and he may foreclose the mortgage; unless special circumstances exist, the trial court may not enjoin him from pursuing these remedies concurrently.  He is not required to foreclose the mortgage first, but may bring his action on the note alone.").  Upon termination of the stay, Lender reserves the right to elect not to foreclose all or any portion of the Lender Collateral.

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lee R. Benton<br>Samuel Stephens<br>Benton & Centeno, LLP<br>2019 Third Avenue North<br>Birmingham, AL 35203<br>lbenton@bcattys.com<br>sstephens@bcattys.com | C. Taylor Crockett<br>2067 Columbiana Road<br>Birmingham, AL 35216<br>taylor@taylorcrockett.com |
| Derek F Meek<br>Marc P Solomon<br>Burr & Forman LLP<br>420 North 20th Street<br>Suite 3400<br>Birmingham, AL 35203<br>dmeek@burr.com<br>msolomon@burr.com | Jon A. Dudeck<br>1800 5th Avenue North<br>Birmingham, AL 35203<br>jon_dudeck@alnba.uscourts.gov |

            /s/ James B. Bailey
              OF COUNSEL

# VERIFICATION

I, Mark Reiber, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare that I am a Vice President of IberiaBank, that I have read the foregoing Motion, and have knowledge of the facts stated therein unless otherwise stated and, based upon my review of IberiaBank's books and records, that the same are true and correct to the best of my knowledge, information, and belief.

Dated: January 2, 2018

*[signature]*

Mark Reiber
Vice President
IberiaBank

## EXHIBIT A
## PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-04113 |
| SOUTHEASTERN PLATEWORKS, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## ORDER GRANTING EXPEDITED RELIEF FROM STAY

Upon consideration of the motion (the "Motion")[1] of IberiaBank ("Lender") for entry of an order, pursuant to section 362(f) of title 11 of the U.S. Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting relief from the automatic stay of section 362 of the Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that adequate and proper notice of the Motion has been given and that no other or further notice need be given; and upon the record of all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to prevent irreparable damage to Lender's interest in property; and the Court being advised that the Debtor has no objection to the relief granted in this Order; and the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Motion is GRANTED to the extent provided herein.

---

[1] Unless otherwise defined, all capitalized terms shall have the meanings set forth in the Motion.

2. Lender is granted relief from the automatic stay pursuant to section 362(f) to the extent necessary for the Lender to secure and protect all Lender Collateral, including without limitation, any cash collateral and all real and personal property described in that certain Mortgage, Assignment of Rents and Leases, and Security Agreement dated as of June 25, 2013 and recorded with the Judge of Probate of Jefferson County, Alabama at Bk: LR201315, Pg: 14501, commonly known as 4466 Pinson Valley Parkway, Birmingham, Alabama 35215 and 302 Fleming Road, Birmingham, Alabama 35217.

3. Lender shall not take any action to foreclose, liquidate, or dispose of the Lender Collateral pending a final hearing and order granting relief from the automatic stay.

4. The Court shall hold a hearing on the relief requested in the Motion on January 10, 2018 at 9:30 a.m. in Courtroom 1, 1800 Fifth Avenue North, Birmingham, Alabama 35203.

5. This Order is enforceable immediately upon entry and any stay pursuant to Bankruptcy Rule 4001, or any other applicable law, is hereby waived.

Dated: _____

                                                          D. SIMS CRAWFORD
                                                        UNITED STATES BANKRUPTCY JUDGE